**CABINET FOR HUMAN RESOURCES**
**Commonwealth of Kentucky,**
**Appellant,**

v.

**Honorable Thomas McDONALD, Judge**
**Jefferson District Court, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1985.

R. Hughes Walker, Gen. Counsel, Susan Z. McBeath, Cabinet for Human Resources, Frankfort, for appellant.

C. Thomas Hectus, Gittleman & Barber, Louisville, for appellee.

Before HAYES, C.J., and COMBS and HOWERTON, JJ.

COMBS, Judge.

This is an appeal from an order of the Jefferson Circuit Court, denying Cabinet for Human Resources' petition for a writ of prohibition against Judge McDonald of the Jefferson District Court.

The record in this case established that the Juvenile Session of the Jefferson District Court committed ten minors from five families to the custody of the Cabinet for Human Resources (CHR). CHR initiated termination of parental rights (TPR) pro-

ceedings against all five families in the circuit court, but the cases were plagued by various degrees of administrative delay.

The district court elected to review the commitment of the ten children, and issued subpoenas to the appropriate CHR attorneys to appear and explain the status of the various cases. As a result, CHR sought a writ of prohibition in the circuit court, ostensibly to prohibit the district court from enforcing subpoenas and entering orders against its attorneys, and from interfering with its prosecution of TPR proceedings. However, CHR's writ would in fact operate to prevent the district court from reviewing the status of cases involving minors previously committed to CHR. The circuit court conducted a hearing on appellant's petition, the parties stipulated the underlying facts, and the court denied the petition.

■ By this appeal, CHR raises essentially the same issue which the circuit court decided in ruling on the petition for a writ of prohibition. In essence, CHR argues that the district court loses jurisdiction over children placed in CHR's custody when department attorneys initiate TPR proceedings in circuit court. Appellant challenges the district court's authority to issue orders and subpoenas to its attorneys, and claims that any concurrent jurisdiction which survives the TPR filing must be narrowly construed.

We disagree with appellant's contentions. In our view, circuit court judge Potter did an excellent job of explaining and settling these issues in his order denying appellant's petition, and our decision mirrors his reasoning and conclusion.

KRS 24A.130 grants the juvenile session of district court exclusive jurisdiction "in all cases relating to minors in which jurisdiction is not vested by law in some other court." The chapter on juvenile proceedings sets out the jurisdiction and duties of the juvenile session. That court has exclusive jurisdiction over dependent, neglected or abused children. KRS 208.020(1)(d). It may commit such children to the custody of CHR, or any other private institution or public agency authorized to care for them. KRS 208.200(1)(b).

The statute provides that the court "may review a dispositional order and may modify or terminate such orders as the court deems essential to the best interests of the child" during the period of commitment. *Id.* KRS 208.205(1) states that "... an order of commitment ... may be modified or terminated at any time ... on the court's own initiative." The statute commands the custodial agency to "divulge and communicate such information regarding the child as the court may require." *Id.*

In our view, this is the most appropriate interpretation of the chapter on juvenile proceedings. A commitment proceeding focuses on the best interests of the child, and lies within the sole jurisdiction of the district court. It has staff the circuit court does not have, it specializes in juvenile matters, and it is familiar with the child through its commitment proceedings.

Problems related to a commitment will not magically disappear on the filing of a TPR action by appellant. Although most termination actions are resolved fairly quickly, there will always be some cases which get bogged down in administrative or judicial delays. In those cases, it may not be in the child's best interests to remain in the custody of CHR. In our opinion, the statute authorizes the district court with its special expertise and its familiarity with individual cases to make those determinations.

■ We conclude that the district court retains jurisdiction over cases relating to minors after a circuit court termination action is filed to the extent that its orders do not conflict with circuit court orders regarding custody.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.