**CABINET FOR HUMAN RESOURCES, COMMONWEALTH OF KENTUCKY, Appellant,**

**v.**

**D.S., an infant; Honorable Michael J. O'Connell, Judge, Jefferson District Court; and Commonwealth of Kentucky, by and on relation of the Jefferson County Attorney, Appellees.**

**No. 87–CA–305–DG.**

Court of Appeals of Kentucky.

Feb. 26, 1988.

W. Kimble Moore, Jr., Ryan M. Halloran, Frankfort, for appellant.

Richard Porter, Louisville, for D.S., an infant.

Michael Conliffe, Sarah Patterson, Louisville, for Honorable Michael J. O'Connell, Judge, Jefferson Dist. Court, and Com. of Kentucky, by and on relation of the Jefferson Co. Atty.

Before CLAYTON, GUDGEL and MILLER, JJ.

GUDGEL, Judge:

This matter is before us pursuant to an order granting discretionary review concerning a judgment entered by the Jefferson Circuit Court reversing an order of the Jefferson District Court. The district court determined that once a circuit court enters a judgment terminating parental rights to a child who was previously committed to the Cabinet for Human Resources, the district court loses its jurisdiction to review the earlier commitment order. We agree with the cabinet that the circuit court erred by reversing the district court's determination. Hence, we reverse and remand.

The child, appellee D.S., was committed to the cabinet as a dependent child by the juvenile session of the Jefferson District Court on three different occasions, beginning in 1980. After he was twice returned to his mother's home and released from commitment, he was again committed to the cabinet in May 1983. That commitment was not released by the district court. Then, in August 1984, the Jefferson Circuit Court terminated the parental rights of the child's parents and vested "full care, custody and control" of the child in the cabinet, with authority to place the child for adoption.

In June 1985, after it was alleged by motion and affidavit that the child's adoptive placement was highly inappropriate, the child's situation was set to be reviewed by the juvenile session of district court pursuant to KRS 208.205 (as modified by the Kentucky Unified Juvenile Code, now KRS 610.120). However, after determining that the circuit court had terminated all parental rights to the child and had vested full care, custody and control of the child in the cabinet, the district court concluded that the circuit court's judgment had deprived the former court of further jurisdiction in the matter. Nevertheless, the court went on to gratuitously note that if a new juvenile petition was subsequently filed alleging that the child was abused, neglected or dependent while in the cabinet's care, the district court would again acquire jurisdiction to examine the child's situation despite the fact that a judgment terminating parental rights had been entered.

Subsequently, the circuit court reversed the district court's order on the grounds that the district court retained continuing jurisdiction, pursuant to KRS 208.205 (now KRS 610.120), to review and modify its prior commitment order despite the entry of a judgment terminating parental rights. We granted the cabinet's motion for discretionary review.

The district court has jurisdiction in all juvenile dependency actions pursuant to KRS 208.020 (now KRS 610.010). Further, once a child has been committed to the cabinet in such a proceeding, the district court retains jurisdiction to review its commitment order at any time prior to the

order's expiration. *See* KRS 208.205 (now KRS 610.120).

The district court is not vested with exclusive jurisdiction over all matters involving juveniles, however. Instead, KRS 208.-020(7) [now in essence KRS 610.010(6)] specifically provides that

> *Nothing in this chapter shall deprive other courts of the jurisdiction to determine the custody* or guardianship *of children* upon writs of habeas corpus, or to determine the custody or guardianship of children when such custody or guardianship is incidental to the determination of other causes pending in such other courts; *nor shall anything in this chapter affect the jurisdiction of circuit courts over adoptions and proceedings for termination of parental rights. The juvenile session of district court shall have no jurisdiction to make permanent awards of custody of a child, but* if the court finds an emergency to exist affecting the welfare of a child, *it may make temporary orders* for its custody, *pending the outcome of proceedings in circuit court to determine its permanent custody. Such orders shall be entirely without prejudice to the proceedings for permanent custody* of the child, and shall remain in effect until modified or set aside by the court. *Upon the entry of a temporary or final judgment in the circuit court, awarding custody of such child, all prior orders of the juvenile session of district court in conflict therewith shall be deemed canceled.* (Emphasis added.)

Pursuant to that provision, sole jurisdiction to terminate parental rights is clearly vested in the circuit court, which is required, upon entry on a termination judgment, to transfer permanent custody to some person or authorized agency as may, in the court's opinion, "be best qualified to receive" custody. KRS 199.611 [now in essence KRS 625.100(1)]. *See also* KRS 199.601, 199.-609 (now *see* KRS 625.020). A district court's commitment order, by contrast, awards to the cabinet only temporary custody of a child, pending the outcome of any circuit court proceedings to determine permanent custody. *See* KRS 208.020(7) [now in essence KRS 610.010(6)]. Even if both orders award child custody to the cabinet, a district court's temporary custody award necessarily conflicts with a circuit court's subsequent permanent custody award in a termination action, since the cabinet's authority and obligations under the two types of custody orders differ. Hence, pursuant to the applicable statute, the district court's commitment order must be deemed cancelled by the circuit court's subsequent entry of a judgment of termination. *See* KRS 208.020(7), *supra.* Since nothing remains for the district court to review once its commitment order is cancelled by a circuit court's subsequent termination judgment, the district court thereafter lacks jurisdiction to review its previous commitment order. However, as noted by the district court, nothing in the statutory scheme would prevent the filing of a new petition alleging that the child is presently within the purview of KRS 208.020 (now KRS 610.010). *See* KRS 208.205 (now KRS 610.120).

Appellees also argue that this court should extend its reasoning in *Cabinet for Human Resources v. McDonald,* Ky.App., 697 S.W.2d 958 (1985), to this proceeding. However, contrary to *McDonald,* here an order terminating parental rights was entered prior to the filing of a motion and affidavit seeking district court review of the child's case. Hence, unlike the situation in *McDonald,* the district court commitment order was cancelled prior to the attempt to obtain district court review. *See* KRS 208.020(7) [now KRS 610.010(6)]. Further, despite the persuasiveness of appellees' argument that due to the greater availability of juvenile resources in district court, it would be appropriate for the child's case to be periodically reviewed by that court even subsequent to the entry of a judgment terminating parental rights, we choose to refrain from interpreting the applicable statutes in derogation of their clear and unambiguous provisions to the contrary in order to achieve that goal.

The circuit court's judgment is reversed and remanded for further proceedings con-

sistent with the views expressed in this opinion.

All concur.