**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**JUVENILE MALE,
Defendant–Appellant.**

**No. 90–6264.**

United States Court of Appeals,
Sixth Circuit.

Argued May 14, 1991.

Decided July 16, 1991.

Terry Cushing, Asst. U.S. Atty., Steven W. Wilson, Sp. Asst., Louis A. Chiarella (argued), Louisville, Ky., for plaintiff-appellee.

Algernon W. Tinsley (argued), Louisville, Ky., for defendant-appellant.

Before NORRIS and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

Appellant, a seventeen-year-old male who resides on the Fort Knox military reservation, appeals the district court's finding of juvenile delinquency under the Juvenile Delinquency Act ("JDA"), 18 U.S.C. §§ 5031–42, following his plea of admission. All of the incidents which gave rise to this action, and which ultimately resulted in appellant's detention until the age of majority, occurred on the military base. Appellant argues that the district court: (1) had no jurisdiction over this case, (2) violated his right to a speedy disposition of the charges against him, (3) erred in detaining him until his 21st birthday, and (4) deprived him of due process by not providing him with hearings prior to ruling on the motions he filed with the court. For the reasons that follow we affirm the district court's ruling.

### I.

On February 15, 1990, appellant was charged in a six-count superceding information under the JDA with: knowingly engaging in a sexual act with a juvenile female between the age of twelve and sixteen, in violation of 18 U.S.C. § 2243(a) (Count 1); assault of an individual by striking him with a stick on a government reservation, in violation of 18 U.S.C. § 113(d) (Count 2); knowingly attempting to cause a juvenile female to engage in a sexual act by force and threats of death or serious bodily injury, in violation of 18 U.S.C. § 2241(a) (Count 3); causing bodily injury to an individual and threatening to cause injury with intent to retaliate against him for the attendance and testimony given at the trial of another case against a juvenile male, in violation of 18 U.S.C. § 1513 (Count 4); assaulting someone by striking, beating and wounding him, in violation of 18 U.S.C. § 113(d) (Count 5); and knowingly causing a juvenile female to engage in a sexual act by using force against her and placing her in fear that she would be subjected to death or serious bodily injury, in violation of 18 U.S.C. § 2241(a) (Count 6). These events occurred in late 1989 and early 1990 on the Fort Knox military reservation.

On February 16, 1990, appellant entered a plea of admission to the crimes charged. As to Counts 1, 3, 4 and 5, appellant admitted the offense. As to Counts 2 and 6, appellant entered into an *Alford* plea. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Pursuant to the plea agreement with the United States, appellant agreed to cooperate in the preparation of other pending criminal proceedings, and to testify in any resultant criminal actions. He was then placed in the custody of the United States Marshal for detention.

Two continuances of the dispositional hearing (sentencing) were necessary in order that the district court could be assured, before sentencing, that appellant performed according to the terms of his agreement. The district court ordered a third continuance pending its ruling on appellant's motion to dismiss for lack of jurisdiction. After nearly five months of detention, on August 8, 1990 the district court found appellant to be a juvenile and sentenced him to official detention for the period of his minority.[1]

## II.

### A. Whether the District Court Correctly Exercised Jurisdiction Over Appellant

■ Appellant argues that Kentucky Revised Statute section 610.010 gives exclusive jurisdiction to the *state* district court for proceedings concerning children within a county when they have not reached their 18th birthday.[2] Moreover, appellant argues that there is a general policy of abstention by federal courts in juvenile matters, *e.g. United States v. Sechrist,* 640 F.2d 81 (7th Cir.1981), thus ensuring that only in rare cases would there be intrusion in what are traditionally state matters.

Appellant misconstrues the scope of Kentucky Revised Statute ("KRS") section 610.010. That statute contains numerous exceptions to its allegedly "exclusive" grant of jurisdiction and, as evidenced by the statute's exceptions, its focus is directed at other state courts. For example, KRS section 610.010(6) states:

Nothing in this chapter shall deprive *other courts* of the jurisdiction to determine the custody or guardianship of children upon writs of habeas corpus, or . . . nor shall anything in this chapter *affect the jurisdiction of circuit courts* over

adoptions and proceedings for termination of parental rights.

KRS § 610.010(6) (Baldwin 1991) (emphasis added). *See also Cabinet for Human Resources v. D.S., an Infant,* 746 S.W.2d 87, 88 (Ky.Ct.App.1988) ("The [state] district court is not vested with exclusive jurisdiction over all matters involving juveniles, however."). Indeed, KRS section 24A.130 states that "[t]he juvenile jurisdiction of district court shall be exclusive in all cases relating to minors *in which jurisdiction is not vested by law in some other court.*" KRS § 24A.130 (emphasis added).

The Kentucky legislature has expressly granted jurisdiction to federal courts over matters occurring on the premises of Fort Knox. KRS section 3.030, entitled "Jurisdiction Over Military Post (Fort Knox) at West Point Ceded," states as follows:

Kentucky cedes to the United States *all the rights and jurisdiction* which she now possesses over the land and premises in the vicinity of West Point, Kentucky, conveyed or to be conveyed to the United States for the purpose of establishing a permanent camp of instruction and military post, so long as the same shall remain the property of the United States.

KRS § 3.030 (emphasis added). While the statute does not mention "residents" in its grant of jurisdiction to the U.S., according to Kentucky's highest court and its executive branch they are included within the scope of section 3.030. *See, e.g., Lathey v. Lathey,* 305 S.W.2d 920, 922 (Ky.Ct.App. 1957) ("[P]ersons on the Fort Knox Military Reservation are not within the jurisdiction of the Kentucky courts."); Op. Att'y Gen. No. 74–180 (Mar. 6, 1974) ("Kentucky cannot exercise any jurisdiction over Fort Knox and its residents.").

In light of the specific grant of jurisdiction to the U.S., the general policy of ab-

---

1. Appellant was sentenced to official detention until his 21st birthday on Counts 1, 3, 4 and 6, and to a period of six months official detention on Counts 2 and 5, both sentences to run concurrently.

2. The statute begins: "Unless otherwise exempted by KRS Chapters 600 to 645, the juvenile session of the district court of each county shall

have exclusive jurisdiction in proceedings concerning any child living or found within the county who has not reached his eighteenth birthday or of any person who at the time of committing a public offense was under the age of eighteen (18) years, who allegedly...." KRS § 610.010(1) (Baldwin 1991).

stention by federal courts in juvenile matters, *see Sechrist, supra,* is inapplicable here. Moreover, we perceive no conflict between KRS section 610.010 and KRS section 3.030, the latter of which is directed specifically at Fort Knox and expressly refers to the exercise of jurisdiction by federal courts. The Juvenile Delinquency Act states, in pertinent part, that a juvenile delinquency case can be brought in federal court when "the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction" over a juvenile. 18 U.S.C. § 5032 (1985). Kentucky has no jurisdiction in this case. The district court, therefore, properly exercised its subject matter jurisdiction.

■ To the extent that appellant's brief may be construed as contesting the district court's personal jurisdiction over appellant, we note that appellant failed to raise that challenge prior to entering his plea of admission and therefore has waived the objection. *See, e.g., Ford v. United States,* 273 U.S. 593, 606, 47 S.Ct. 531, 535, 71 L.Ed. 793 (1927) ("A plea to the jurisdiction must precede the plea of not guilty."); *Evans v. United States,* 325 F.2d 596, 602 (8th Cir. 1963) (dictum) ("[A]ssuming *arguendo* that appellant might have successfully raised some objection, we believe that by his failure so to do and by his entering pleas of not guilty he waived any objections thereto."); *In Re David,* 390 F.Supp. 521, 523 (E.D.Ill.1975) (guilty plea waived objection to personal jurisdiction). *Cf. United States v. Vreeken,* 603 F.Supp. 715, 723 (D.Utah 1984), *aff'd* 803 F.2d 1085 (10th Cir.1986) (under Federal Rules of Criminal Procedure 12(b), challenges to court's jurisdiction over the defendant must be made prior to trial). Accordingly, we find that the district court had personal jurisdiction over appellant.

### B. Whether the District Court Violated Appellant's Right to a Speedy Trial by Sentencing Him Five Months After His Plea of Admission

■ Because approximately five months elapsed between his plea of admission and sentencing, appellant alleges a violation of Title 18, section 5036, which states, in pertinent part:

**Speedy Trial.** If an alleged delinquent who is in detention[3] pending trial *is not brought to trial within thirty days from the date such detention was begun,* the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, *unless* the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the best interest of justice in the particular case.

18 U.S.C. § 5036 (1985) (emphasis added). We do not find a violation of that statute here.

As the government points out, section 5036 on its face does not apply to the period between a plea of admission and sentencing. The cited statute addresses the period of detention prior to trial, *not* the period of detention between a plea of admission (guilty plea) and sentencing. Appellant cites no authority, and we are unable to find any, to support his claim that section 5036 applies in his case.

■ Even if section 5036 applied here,[4] it would not in our opinion require a dismissal of the information. Most of the delay is attributed to two continuances ordered by the district court. The original dispositional hearing scheduled for March 19, 1990 was first rescheduled for May 7, 1990 and later rescheduled for June 1, 1990. We find that this delay was "in the best interest of justice," 18 U.S.C. § 5036, as the district court had to make sure appellant would perform his part of the agreement

---

3. Apparently it is not contested that he was in detention during the five-month period between his guilty plea and sentencing. *Cf. United States v. Cuomo,* 525 F.2d 1285, 1290 (5th Cir.1976) (Although unclear, the words "in detention" mean "physically restrictive custody, confinement within a specific institution.").

4. *Cf. infra* note 6 (discussing applicability of sixth amendment's speedy trial protection to the period of detention between guilty plea and sentencing).

before sentencing. The rest of the delay, from June 1, 1990 to August 8, 1990, was created "by the juvenile and his counsel," *id.*, as appellant filed a motion to dismiss for lack of jurisdiction which required the district court to once again postpone the sentencing hearing. In sum, assuming it applies, we find no violation of section 5036 here. As appellant has chosen to confine his argument to the applicability of 18 U.S.C. § 5036, we need not decide whether the delay could have been actionable under another statute[5] or the sixth amendment.[6]

## C. Whether the District Court Erred in Sentencing Appellant to Official Detention Until his 21st Birthday

■ Appellant argues that federal law, specifically the Assimilative Crimes Act, 18 U.S.C. § 13, forbids a district court from imposing punishment that is more severe than that to which the defendant would have been subjected to by the state court.[7] He then claims that if he had been tried in state court under state law he would only be subject to detention until his 18th birthday, the age of majority under Kentucky law, rather than his 21st birthday. Thus, he asserts that his official detention until his 21st birthday was in violation of the applicable law.

The Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13(a), "exclusively relates to offenses committed on United States reservations, etc., which are '*not provided for by any law of the United States,*' and that as to such offenses the state law, when they are by that law defined and punished, is adopted and made applicable." *United States v. Press Publ. Co.*, 219 U.S. 1, 9, 31 S.Ct. 212, 214, 55 L.Ed. 65 (1911) (emphasis added). In other words, section 13(a) of the ACA is by its terms only a gap filler, and therefore not applicable to a state statute "when the precise conduct it prohibits is made penal by federal law." *United States v. Kaufman*, 862 F.2d 236, 237 (9th Cir.1988). *See also United States v. Mayberry*, 774 F.2d 1018, 1020 (10th Cir.1985) ("Essentially, the Act fills gaps in the federal law by providing a set of criminal laws for federal reservations.... Since there is no express enactment of Congress providing punishment for breaking and entering, the Assimilative Crimes Act and New Mexico law were appropriately applied in this case.").

Appellant was not charged with violations of the ACA. He was charged with specific federal crimes, *i.e.* violations of the Juvenile Delinquency Act, 18 U.S.C. §§ 5031–42. Title 18, section 5037, entitled "Dispositional Hearing," states that if the

---

5. More on point to appellant's claim is Title 18, section 5037, which states in pertinent part:

   **Dispositional hearing.** (a) If the court finds a juvenile to be a juvenile delinquent, a separate dispositional hearing shall be held no later than twenty court days after trial unless the court has ordered further study in accordance with subsection (c).

   18 U.S.C. § 5037.

6. In *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the Supreme Court assumed "arguendo" that sentencing is part of the trial for purposes of *sixth amendment* speedy trial protection. Since that decision, this circuit and all others which to our knowledge have addressed the issue have perpetuated *Pollard*'s assumption. *See, e.g., United States v. Reese*, 568 F.2d 1246, 1253 (6th Cir. 1977); *United States v. Campbell*, 531 F.2d 1333, 1335 (5th Cir.1976); *United States v. Sherwood*, 435 F.2d 867, 868 (10th Cir.1970); *United States v. Tortorello*, 391 F.2d 587, 588–89 (2d Cir.1968). Accordingly, had the sixth amendment been timely raised, the five-month delay between the plea of admission and sentencing would be eval-

uated under a four-factor analysis, which requires courts to examine the length of the delay, the reason for the delay, whether the defendant has asserted his right, and prejudice to the defendant from the delay. *Payne v. Rees*, 738 F.2d 118, 122 (6th Cir.1984) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972)).

7. Title 18, section 13(a), entitled "Laws of states adopted for areas within federal jurisdiction," provides in relevant part:

   Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

   18 U.S.C. § 13(a).

court finds a juvenile to be delinquent, the court may commit him to official detention. Specifically, section 5037(c) states:

The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend—

(1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of—

(A) the date when the juvenile becomes twenty-one years old; or

(B) the maximum term of imprisonment that would be authorized by section 3581(b) if the juvenile had been tried and convicted as an adult.

18 U.S.C. § 5037(c). Appellant was seventeen years old at the time the district court proceedings occurred. Appellant was found delinquent of six offenses, four of which have maximum terms of imprisonment of 5 years or greater (including two offenses that permit life imprisonment) if tried and convicted as an adult. The sentence imposed upon appellant was based on, and complies with, section 5037(c).[8] As appellant's unlawful conduct is made penal by federal law, the ACA is not applicable to his case.

*D. Whether the District Court Abused its Discretion in Failing to Provide Appellant a Hearing Before Ruling on His Various Motions*

■ Appellant argues that he was deprived of due process by the district court's failure to conduct hearings prior to ruling on his motions to dismiss for lack of jurisdiction, to dismiss for lack of speedy disposition, and to probate the balance of his sentence. Appellant, however, cites no authority for the proposition that a hearing is required with the type of motions he makes. There is no requirement under Fed.R.Civ.P. 12 or elsewhere to conduct such a hearing. Appellant should have

submitted the alleged "additional" evidence supporting his motions at the time he filed them, or at the sentencing hearing which occurred five months after he entered his plea. The district court did not abuse its discretion when it declined to hold a hearing on appellant's motions.

### III.

The decision of the district court is AFFIRMED.

---

**8.** We note that while appellant's unlawful conduct occurred after November 1, 1987, the sentencing guidelines are not directly applicable to juvenile delinquents. *United States v. R.L.C., Juvenile Male,* 915 F.2d 320, 232 (8th Cir.1990) ("The sentencing guidelines themselves do not apply to individuals sentenced as juveniles.") (citing United States Sentencing Commission, Questions Most Frequently Asked About the

Sentencing Guidelines 1 (Nov. 30, 1988)); *United States v. Marco L.,* 868 F.2d 1121, 1123 (9th Cir.1989) ("Although appellant concedes that the Sentencing Guidelines do not apply directly to juveniles, he contends [erroneously] that § 5037(c)(1) requires the court to consider the Guidelines to ascertain the maximum sentence he could have received as an adult.").