UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 96-3714

_____

United States of America,         *
        *
           Appellee,         *
        *    Appeal from the United States
        v.            *    District Court for the
        *    Western District of Missouri
Richard Eugene Thomas,         *
        *      {UNPUBLISHED}
           Appellant.         *

_____

Submitted:     May 20, 1997

Filed:     September 2, 1997

_____

Before McMILLIAN, BOWMAN and MAGILL, Circuit Judges.

_____

PER CURIAM.

      Richard Eugene Thomas pleaded guilty to possessing a firearm after having previously been convicted three times of burglary in Arkansas, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). The United States District Court[1] for the Western District of Missouri imposed a sentence of 188 months imprisonment, four years of supervised release, and a $50 special assessment. Thomas appeals. His counsel filed a brief

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and was granted leave to withdraw. Thomas filed a pro se supplemental brief. For the reasons discussed below, we affirm.

Under section 924(e), a defendant convicted of being a felon in possession of a firearm faces a minimum term of fifteen years imprisonment if he has three prior convictions for violent felonies. "Burglary" is included in the definition of "violent felony." <u>See</u> 18 U.S.C. § 924(e)(2)(B)(ii). The Arkansas burglary statute in effect at the time of Thomas's convictions provided "[a] person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Stat. Ann. § 41-2002 (repl. 1977), recodified at Ark. Code Ann. § 5-39-201 (Michie 1993). "Occupiable structure" was defined as a vehicle, building, or other structure where any person lives or carries on a business. Ark. Stat. Ann. § 41-2001(1) (repl. 1977), recodified at Ark. Code Ann. § 5-39-101 (1), (2) (1993).

Even though the Arkansas statute's definition of occupiable structure--with its inclusion of vehicles--is broader than the "generic" definition provided in <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990), Thomas's Arkansas convictions meet the <u>Taylor</u> definition because the underlying criminal informations identify the structures burglarized as an insurance company office and two residences. <u>See</u> <u>United States v. Cornelius</u>, 931 F.2d 490, 494 (8th Cir. 1991) (finding conviction constituted generic burglary on basis of charging document). The informations also indicate that the burglaries occurred on different days. <u>See</u> <u>United States v. McDile</u>, 914 F.2d 1059, 1061 (8th Cir. 1990) (per curiam) (for § 924(e) purposes, prior offenses must have occurred at different times), <u>cert. denied</u>, 498 U.S. 1100 (1991).

There is no merit to Thomas's argument that, to commit a violent felony, he had to use or carry a firearm, knife, or destructive device. Section 924(e)(2)(B) defines violent felony in part as either a certain type of "crime punishable by imprisonment for

a term exceeding one year, <u>or</u> any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device." (Emphasis added.)  The plain language of the phrase "involving the use or carrying of a firearm" modifies only "any act of juvenile delinquency."

Thomas's contention that the burglary of a commercial building may not be a predicate offense is also without merit.  Neither the generic burglary definition nor the Arkansas burglary statute distinguishes between a residence and a commercial building; the relevant element is the unlawful entry of a structure or building.  <u>See</u> Ark. Stat. Ann. §§ 41-2001, -2002; <u>Taylor</u>, 495 U.S. at 599.

Thomas's argument that the court was without jurisdiction over him because the original arrest warrant was intended for another Richard Thomas is likewise without merit.  Thomas waived any challenge to personal jurisdiction when he pleaded guilty. <u>See</u> <u>United States v. Juvenile Male</u>, 939 F.2d 321, 324 (6th Cir. 1991).  Finally, Thomas's claims of ineffective assistance of counsel are more appropriately resolved in 28 U.S.C. § 2255 proceedings.  <u>See</u> <u>United States v. Logan</u>, 49 F.3d 352, 361 (8th Cir. 1995).

Having carefully reviewed the record, we find no other nonfrivolous issue for appeal.  <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-