PER CURIAM.
On appeal, the juvenile argues that the Florida circuit court lacked jurisdiction in the instant case because his alleged delinquent acts occurred within the exclusive jurisdiction of the federal government. We affirm.
M.R.S. was investigated with regard to a series of reports of property stolen from vehicles that were within Eghn Air Force Base. After reviewing the case, the Special Assistant United States Attorney for the Base referred appellant’s case to the State of Florida. Subsequently, the State filed a delinquency petition against appellant in the circuit court for Okaloosa County, Florida, alleging the following violations with appropriate citation to Florida law: five counts of burglary of an unoccupied conveyance, three counts of petit theft, one count of loitering or prowling, and one count of grand theft. Appellant filed a motion to dismiss the petition, arguing that the Florida court lacked jurisdiction because the “alleged crimes occurred on the territory of the federal government,” which is “under the exclusive jurisdiction of the Federal Government.” After a hearing, the court denied the motion, finding that the court had jurisdiction under the applicable federal and state law. M.R.S. then entered a plea of no contest to two counts of burglary, one count of grand theft, and one count of petit theft, and specifically reserved the right to appeal the jurisdictional issue. The court issued an order withholding adjudication and placing appellant on community control under the supervision of the Florida Department of Juvenile Justice.
Appellant argues that the offenses occurred on wholly federal property, which in this case is a foreign jurisdiction like *1140 another state, and thus the State of Florida lacks jurisdiction. As the State points out, however, the United States Supreme Court long ago disposed of the legal fiction of a state within a state and made clear that although the federal government has exclusive jurisdiction over an enclave, a state may assert jurisdiction if there is no conflict with federal jurisdiction. See Howard v. Commissioners of Sinking Fund, 344 U.S. 624, 627, 73 S.Ct. 465, 97 L.Ed. 617 (1953) (“The fiction of a state within a state can have no validity to prevent the state from exercising its power over the federal area within its boundaries, so long as there is no interference with the jurisdiction asserted by the Federal Government.”); see also Evans v. Comman, 398 U.S. 419, 90 S.Ct. 1752, 26 L.Ed.2d 370 (1970) (holding that state could not deny right to vote in state election to citizens living on federal enclave located within geographical boundaries of state).
The transfer of jurisdiction in this juvenile case was made pursuant to reciprocating federal and state statutes. Section 18 U.S.C. § 5001 provides as follows in pertinent part:
Whenever any person under twenty-one years of age has been arrested, charged with the commission of an offense punishable in any court of the United States or of the District of Columbia, and after investigation by the Department of Justice, it appears that such person has committed an offense or is a delinquent under the laws of any State or of the District of Columbia which can and will assume jurisdiction over such juvenile and will take him into custody and deal with him according to the laws of such State or of the District of Columbia, and that it will be to the best interest of the United States and of the juvenile offender, the United States attorney of the district in which such person has been arrested may forego his prosecution and surrender him as herein provided, unless such surrender is precluded under section 5032 of this title.
Section 5032 in turn provides that, except in certain described circumstances, the federal government should not proceed against a juvenile alleged to have committed an act of delinquency. Under section 985.201(2), Florida Statutes, the circuit court is empowered to assume jurisdiction once federal jurisdiction has been relinquished:
The circuit court is exclusively authorized to assume jurisdiction over any juvenile offender who is arrested and charged with violating a federal law or a law of the District of Columbia, who is found or is living or domiciled in a county in which the circuit court is established, and who is surrendered to the circuit court as provided in 18 U.S.C. s. 5001.
It appears that no Florida court has previously addressed the issue raised in the instant case. A New Jersey state court, however, has faced this same jurisdictional issue with regard to these same federal statutes, a state law similar to Florida’s section 985.201(2), and a strikingly similar factual scenario. See New Jersey In re D.B.S., 137 N.J.Super. 371, 349 A.2d 105 (1975), cert. denied, 70 N.J. 144, 358 A.2d 191 (1976). There the court concluded that “[s]o long as there is no interference with the jurisdiction asserted by the Federal Government, the State’s jurisdiction continues” and upheld the jurisdiction of the state court, following transfer from the federal government, to proceed against a juvenile whose offenses were committed within the federal enclave of Fort Dix. We agree with this analysis. Cf. United States v. Juvenile Male, 939 F.2d 321 (6th Cir.1991) (rejecting juvenile’s claim that Kentucky had jurisdiction over juvenile matter where federal government charged the juvenile under federal law, 18 U.S.C. §§ 5031-42 (Juvenile Delinquency Act), for offenses that occurred within a military reservation).
Accordingly, we concur with the trial court’s determination that, pursuant to federal and state law, the State of Florida *1141 properly had jurisdiction in the proceedings against appellant. Appellant’s judgment and sentence are affirmed.
BOOTH, MINER and KAHN, JJ„ CONCUR.