STATE OF NEW JERSEY IN THE INTEREST OF R. C. C.,
A JUVENILE, ON PETITION FOR EXPUNGEMENT.

Juvenile and Domestic Relations Court
Cape May County

May 20, 1977.

*Mr. Richard H. Daniels* for petitioner (*Messrs. Okoniew-
ski, DiStefano & Bronkesh,* attorneys).

*Mr. Donald R. Charles* for the State (Cape May County
Prosecutor's Office).

STALLER, J. C. C., Temporarily Assigned. R. C. C., age 16, was charged on August 6, 1976 with a violation of *N. J. S. A.* 2A:170–5, the solicitation of unlawful sexual or indecent acts statute. At the juvenile hearing on October 29, 1976 the State was unable to present its case because the father of the alleged victim, a minor and a resident of Pennsylvania, refused to permit him to attend. The defense, which had appeared with three alibi witnesses, made a motion to dismiss for failure to prosecute. The motion was granted, and now the juvenile moves, pursuant to *N. J. S. A.* 2A:85–15 to 17, to expunge all records relating to his arrest. Although juvenile records are not available for public inspection under *N. J. S. A.* 2A:4–65, they are available to various individuals and agencies enumerated in the statute, including anyone who obtains a court order for good cause shown.

*N. J. S. A.* 2A:85–17 authorizes a court to order expungement of all records concerning an arrest or acquittal where "there is no objection from * * * law enforcement agencies * * * and no reason appears to the contrary * * * ." *N. J. S. A.* 2A:85–17. The statute entitles any "person" to so petition the court. *N. J. S. A.* 2A:85–15. No objection to the expungement has been received from any law enforcement agency.

The only question for decision is whether a reason justifying the denial of the petition is found in *N. J. S. A.* 2A:4–67. That statute authorizes records to be sealed by order of the Juvenile and Domestic Relations Court after a lapse of two years during which the juvenile is not convicted of a crime. The question, then, becomes whether the fact that a juvenile has available the sealing remedy written specifically for youthful offenders found in *N. J. S. A.* 2A:4–67 precludes him from availing himself of the expungement relief found in *N. J. S. A.* 2A:85–17.

*N. J. S. A.* 2A:4–67 has been interpreted by one commentator as only applying where a juvenile has been adjudged delinquent or in need of supervision. "Expungement and Sealing of Arrest and Conviction Records: the New Jersey

Response," 5 *Seton Hall L. Rev.* 864, 887 (1974). The language of *N. J. S. A.* 2A:4–67(a) (1) itself weighs somewhat on the side of such an interpretation, including instances such as this one where a charge is dismissed:

(a) * * * the juvenile and domestic relations court may vacate its order and findings and order the nondisclosure of * * * records of the court * * * of law enforcement agencies if it finds:
(1) Two years have elapsed since the final discharge of the person from legal custody or supervision, or 2 years have elapsed after the entry of any other court order not involving custody or supervision * * *.

An order of the court which does not involve custody or supervision could very well be an order dismissing charges for failure to prosecute. But the remaining portions of the statute refer exclusively to conviction records. For example, *N. J. S. A.* 2A:4–67(b), in dealing with the records of juveniles who intend to enlist in the armed forces, refers to cases "wherein *an adjudication has been entered* upon the status of a juvenile * * * ." (emphasis supplied). Or *N. J. S. A.* 2A:4–67(d), concerning the effect of a sealing order:

Upon the entry of the order, the proceedings in the case shall be sealed and all index references shall be marked "not available" or "no record" and law enforcement officers and departments shall reply and the person may reply to any inquiry that there is no record with respect to such person, *except that records may be maintained for purposes of prior offender status.* [Emphasis supplied]

Overall, the purpose of the sealing statute is to deal with conviction records.

Furthermore, as petitioner points out, the net effect of interpreting *N. J. S. A.* 2A:4–67 to apply to both convictions and dismissals is to leave minors only to the lesser remedy of the sealing of records. *Cf. State v. Campobasso,* 125 *N. J. Super.* 103 (Law Div. 1973) (expanding the scope of *N. J. S. A.* 24:21–28 to include young offenders under the Controlled Dangerous Substances Act who are not deemed to require probation, although the statute provides for the ex-

pungement of records only where probation was imposed after arrest, trial, and conviction).

The expungement of records is far more effective than is the sealing of records in destroying all traces of contact with the criminal justice system. 5 *Seton Hall L. Rev., supra* at 865. The expungement of records prevents their use by anyone, while sealed records are available on court order. *N. J. S. A.* 2A:85-17(b) and 18(b); *N. J. S. A.* 2A:4-67(d). Additionally, later convictions do not reactivate expunged records as is the case with sealed records. *N. J. S. A.* 2A:4-67(e) provides that a later adjudication of delinquency automatically nullifies the sealing order. Also, under *N. J. S. A.* 2A:85-18(b) sealed arrest records may be maintained by the law enforcement agencies originally possessing such records, while expunged records may not be maintained by anyone.

*N. J. S. A.* 2A:85-18 through 20 specifies that where a law enforcement agency objects to a petition for an order of expungement, with or without grounds, the sole relief a court can then order is the sealing of records. Grounds for absolute denial of a petition to expunge are that the usefulness of the information to a law enforcement agency outweighs the desirability of having the petitioner "freed from any disabilities attached to the arrest," or that the dismissal was the result of a plea bargain or was the result of the exclusion of "highly probative evidence upon invocation of an exclusionary rule not directed to the truth of the evidence excluded." *N. J. S. A.* 2A:85-20. The statute attempts to balance the interest of an individual in being relieved from the disabilities resulting from an arrest or dismissal or acquittal, in light of the presumption of innocence, and the interest of society in having all necessary information available to law enforcement agencies. *State v. Davies,* 129 *N. J. Super.* 1, 4-5 (1974); 5 *Seton Hall L. Rev., supra* at 891. The procedure outlined in the expungement statute is quite different from that outlined in the sealing statute. The expungement statute is intended to operate where a defendant's

contacts with the criminal justice system are some indication of innocence — arrests, dismissals, acquittals. The language of the sealing statute, on the other hand, principally relates to adjudications as delinquents.

 The fact that the expungement statute employs the term "person" does not necessarily mean that it therefore excludes juveniles from its purview. *N. J. S. A.* 2A:85–4 states that: "[a] *person under the age of 16 years* is deemed incapable of committing a crime" (emphasis supplied). The word "person" as used in that statute obviously includes minors. Therefore, the use of the word "person" in *N. J. S. A.* 2A:85–15 does not mean ipso facto that minors are excluded from its reach. In fact, given the use of "person" in *N. J. S. A.* 2A:85–4, it is proper to consider the use of "person" in *N. J. S. A.* 2A:85–15 as including juveniles. *See* 2A *Sutherland Statutory Construction* (rev. 3 ed. 1973), 81.

 Since the reach of the statutes is different in scope and the language of the expungement statute includes minors, the relief found in *N. J. S. A.* 2A:85–15 to 17 is available to R. C. C. *N. J. S. A.* 2A:4–67 merely provides an alternative where there has been adjudications of the status of a juvenile offender. Since there have been none here, the existence of *N. J. S. A.* 2A:4–67 cannot be interpreted as a reason appearing to the contrary precluding the expungement of R. C. C.'s record.

Motion to expunge records is hereby granted.