## IN THE MATTER OF STATE OF NEW JERSEY, PLAINTIFF, v. W. J. A., DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Cumberland County

Decided February 5, 1980.

*Kevin McCann,* Assistant County Prosecutor, for plaintiff (*William P. Doherty, Jr.,* Prosecutor of Cumberland County, attorney).

*Michael Gruccio* for defendant (*Adamo, Pagliughi & Gruccio,* attorneys).

PORRECA, J. S. C.

The disclosure requirements for casino employee license applicants authorized by the State Casino Control Commission provide the setting for this expungement petition which poses the question: May records of adjudications of juvenile delinquency be expunged? The factual background may be briefly stated. Petitioner, a 35-year-old man, needs an employee license from the State Casino Control Commission in order to get a job in an

Atlantic City casino. By statute all applicants for a casino license are required to disclose their criminal and arrest record on a personal history disclosure form as directed by the Casino Control Commission. *N.J.S.A.* 5:12–89, *N.J.A.C.* 19:41–7.14.

Question No. 45 of the personal history disclosure form asks:

> Have you ever been arrested or charged with any juvenile offense whether in this state or in any other jurisdiction?
> Yes — No   .    .    .

If an applicant answers yes, he must then describe the nature of the charge or arrest, the name and address of the agency or court involved, the date of the offense, and its disposition.

Question 46 then asks whether the applicant, or any member of the applicant's immediate family, has ever been arrested, indicted and/or charged with or convicted of a criminal or disorderly persons offense in this State or in any other jurisdiction. Again an affirmative answer requires a description of the transaction and its disposition. With respect to this question an additional instruction is provided on the disclosure form:

> For the purpose of this question, the words "arrest", "indictment", or "charge" include any questioning, detaining, holding or taking into custody by any police or other law enforcement authorities in order to answer for the alleged performance of any "offense" in this or any other State or foreign country; and the word "offense" includes all high misdemeanors, felonies, misdemeanors, disorderly persons offenses and *juvenile violations. The only such "arrest", "indictment", or "charge" which an applicant is not required to disclose on this. application is one which has been legally expunged by a written order of a court of this State.* [Emphasis supplied]

Failure to answer any question completely and truthfully will result in denial of the license application. *N.J.S.A.* 5:12–86.

Petitioner is reluctant to complete and file the disclosure form because 18 years ago he was adjudicated a delinquent by the Cumberland County Juvenile Court for three separate incidents in 1961 on charges of aggravated assault and battery, assault and battery and carnal abuse. He seeks expungement of these adjudications of juvenile delinquency pursuant to *N.J.S.A.* 2C:52–1 *et seq.* so that he can lawfully avoid disclosure of his juvenile background while completing the disclosure form. In addition, a separate petition seeks expungement of a 1962 conviction for assault and battery, a disorderly persons offense, and a 1966 arrest on the same charge which did not result in a conviction.

The present expungement law is now contained in *N.J.S.A.* 2C:52–1 *et seq.* as amended by *L.* 1979, *c.* 178, § 108–139. Subject to certain exceptions, expungement is now authorized for records of conviction of certain indictable offenses, *N.J.S.A.* 2C–52–2; convictions of disorderly persons offenses and petty disorderly persons offense, *N.J.S.A.* 2C:52–3; violations of municipal ordinances, *N.J.S.A.* 2C:52–4; certain drug-related offenses where the offender was under 21 at the time of the offense, *N.J.S.A.* 2C:52–5 and arrests not resulting in conviction, *N.J.S.A.* 2C:52–6. Thus, with the exception of certain drug related offenses detailed in *N.J.S.A.* 2C:52–5, the expungement statutes make no mention of records of offenses committed while a juvenile. The sole method for preventing disclosure of records of adjudications of juvenile delinquency is by a motion for "sealing" of these records brought by the person who has been the subject of a complaint charging juvenile delinquency or by the juvenile court. *N.J.S.A.* 2A:4–67. Pursuant to a "sealing" request, the juvenile court may vacate its order and findings and order the nondisclosure of social, medical, psychological, legal and other records of the court, probation services and law enforcement agencies, if it finds:

(1)  Two years have elapsed since the final discharge of the person from legal custody or supervision, or [two] years have elapsed after the entry of any other court order not involving custody or supervision; and

(2)  [the person] has not been convicted of a crime, or a disorderly person's offense or adjudged delinquent, or in need of supervision during the [two] years prior to the filing of the motion, and no proceeding or complaint is pending seeking such conviction or adjudication.  *N.J.S.A.* 2A:4–67.

The Cumberland County Probation Department, Juvenile Division, presently maintains a sealed record of petitioner's three adjudications of juvenile delinquency.  However, since these records have not been "expunged," petitioner is required to reveal them on the disclosure form.  It is thus petitioner's contention that the sealing remedy is inadequate in this case and expungement should be authorized.  For support petitioner relies on *State in Interest of R.C.C.*, 151 *N.J.Super.* 174 (J. & D.R.Ct. 1977).  In *R.C.C.* the court held that the existence of the sealing remedy in *N.J.S.A.* 2A:4–67 did not preclude a person from availing himself of the expungement relief for dismissed charges authorized by *N.J.S.A.* 2A:85–15, repealed and replaced by *N.J.S.A.* 2C:52–6, *L.* 1979, *c.* 178, § 113.  That case is distinguishable in that R.C.C. sought expungement of *dismissed* charges of juvenile delinquency while in the case at bar expungement is sought for *adjudications* of juvenile delinquency. In reaching its decision the court in *R.C.C.* noted that the expungement statute (former *N.J.S.A.* 2A:85–15) was intended to operate where a defendant's contacts with the criminal justice system are some indication of innocence—arrests, dismissals, acquittals; while the sealing statute's overall purpose is to deal with *conviction* records.  *Id.* at 177–178.  Since the charges against R.C.C. had been dismissed and the court held that the use of the term "person" in the expungement statute could properly be construed to include juveniles, it found the expungement remedy to be available to R.C.C.  Undoubtedly, if R.C.C. had sought expungement of an *adjudication* of delinquency,

instead of a dismissal, the result would have been different, and thus *R.C.C.* does not support petitioner's argument.

As pointed out in *R.C.C.* the remedy of expungement is far more effective than sealing in destroying all traces of contact with the criminal justice system. At present, leave to inspect expunged records is permitted only in those instances where the subject matter of the records of arrest or conviction is the subject of litigation or judicial proceedings, and then only upon motion for good cause shown for compelling need based on specific facts. *N.J.S.A.* 2C:52–19. In addition, information contained in expunged records may only be used by state law enforcement officials and judges for the purpose of determining whether to accept a person into a supervisory treatment or diversion program for subsequent charges, *N.J.S.A.* 2C:52–20; for use in a bail hearing or for sentencing purposes, *N.J.S.A.* 2C:52–21; by the parole board in the same manner as if the records had not been expunged or sealed. *N.J.S.A.* 2C:52–22, and by the Department of Corrections for use in the classification, evaluation and assignment of prisoners, *N.J.S.A.* 2C:52–23.

Inspection of sealed records, however, is permitted by court order and not restricted to particular individuals. *N.J.S.A.* 2A:4–67(d). Additionally, while later convictions will reactivate sealed records, *N.J.S.A.* 2A:4–67(e), they will not reactivate expunged records.

The comparatively diminished protective effect of the sealing statute appears to be in direct contravention of the rehabilitative purposes of our juvenile delinquency laws. Section 2A:4–42 of the juvenile law specifically states:

> This act shall be construed so as to effectuate the following purposes: . . . (b) consistent with the protection of the public interest, to remove from children committing delinquent acts certain statutory consequences of criminal behavior, and to substitute therefor an adequate program of supervision, care and rehabilitation.

In addition, § 2A:4–64 states in pertinent part:

> No disposition under this act shall operate to impose any of the civil disabilities ordinarily imposed by virtue of a criminal conviction, nor shall a juvenile be deemed a criminal by reason of such disposition  .   .   . .

These statutes reflect the Legislature's rehabilitative and protective approach toward juvenile delinquency. The statutory scheme is designed to permit the exercise of the powers of the State as *parens patriae* for the purpose of rehabilitating youthful offenders and not of punishing them for the commission of a crime. *State in Interest of D.B.S.*, 137 *N.J.Super.* 371 (App.Div. 1975), certif. den. 70 *N.J.* 144 (1976).

Yet, by requiring disclosure of sealed but nonexpunged records of juvenile delinquency adjudications, the State through the Casino Control Commission statutes and regulations, effectively prevents a person with a sealed juvenile record from obtaining employment in a casino. *N.J.S.A.* 5:12–86–5:12–90, *N.J.A.C.* 19:41–7.14. However, a person who committed the same acts as an adult which would have resulted in a finding of juvenile delinquency if committed by a person under 18, could successfully petition for expungement of his adult conviction records and then lawfully seek employment in a casino. Given the nonretributive purposes of the juvenile delinquency laws, the difference in treatment lacks a rational basis and results in stigmatization of the rehabilitated former juvenile offender. To correct this unfair result, either the language of the Casino License Application Personal Disclosure Form should be amended so that sealed as well as expunged records need not be disclosed by license applicants, or the statutes amended to permit expungement of juvenile adjudications.

This does not dispose of the case at bar, however. As previously stated, petitioner seeks expungement of three separate adjudications of juvenile delinquency. By statute expungement is only permitted where a person who has been convicted of a "crime" under the laws of this State and "who has not been convicted of any prior or subsequent" crime makes application

therefor. *N.J.S.A.* 2C:52–2. Petitioner thus faces two statutory impediments. First, an adjudication of juvenile delinquency for the reasons stated above, is not considered a "crime." *N.J.S.A.* 2A:4–64. Second, even if a juvenile adjudication could be considered a crime for expungement purposes, petitioner would be precluded from obtaining expungement of any one of the three adjudications because the other two would be considered "prior or subsequent crimes." *N.J.S.A.* 2C:52–2. As stated in *N.J.S.A.* 2C:52–32, the expungement chapter "shall be construed with the primary objective of providing relief to the one-time offender." Thus, expungement could not be authorized even if petitioner's juvenile delinquency adjudications are considered to be "crimes" for expungement purposes. Until such time as the Legislature authorizes expungement for juvenile delinquency adjudications as opposed to mere arrests, dismissals and acquittals, the sole remedy to prevent disclosure lies in the sealing statute. *N.J.S.A.* 2A:4–67.

Expungement of the 1962 disorderly persons conviction and the 1966 arrest not resulting in a conviction is clearly authorized under *N.J.S.A.* 2C:52–3 and *N.J.S.A.* 2C:52–6 and hereby granted.