45 A.3d 1014

IN THE MATTER OF THE EXPUNGEMENT PETITION OF J.B.

Superior Court of New Jersey
Appellate Division

Telephonically argued April 16, 2012—Decided June 21, 2012.

498

Before Judges AXELRAD,[1] SAPP–PETERSON and OSTRER.

*Randolph H. Wolf* argued the cause for appellant J.B.

*Alexis R. Agre*, Assistant Prosecutor, argued the cause for respondent State of New Jersey (*Robert D. Bernardi*, Burlington County Prosecutor, attorney; *Ms. Agre*, of counsel and on the brief).

The opinion of the court was delivered by

OSTRER, J.S.C. (temporarily assigned).

This appeal requires us to interpret the 1980 statute permitting expungement of juvenile adjudications. *L.* 1980, *c.* 163, codified at *N.J.S.A.* 2C:52–4.1. J.B. appeals from the trial court's denial of his petition to expunge three adjudications of delinquency, and an adult conviction for theft. We conclude the trial court misinterpreted the 1980 statute and therefore reverse regarding the delinquency adjudications. However, because ten years have not elapsed since petitioner completed his adult sentence, *N.J.S.A.* 2C:52–2(a), and he failed to establish that expungement after just five years was "in the public interest," *N.J.S.A.* 2C:52–2(a)(2), we affirm as to the adult conviction.

## I.

Petitioner, then almost thirty years old, filed his amended verified expungement petition on September 20, 2011. He sought

---

[1] Judge Axelrad did not participate in oral argument. However, with the consent of counsel she has joined this opinion. *R.* 2:13–2(b).

to expunge adjudications that he was delinquent in 1997 on burglary and criminal mischief charges, *N.J.S.A.* 2C:18–2 and *N.J.S.A.* 2C:17–3b(3); and in 1999 on charges he possessed a machine gun or instrument or device adaptable for use as one, *N.J.S.A.* 2C:39–5(a). He received probation in both cases. He also petitioned to expunge his March 1, 2002 adult conviction for third-degree theft, for which he received a sentence of two years of probation, conditioned on 364 days of incarceration in the county jail.

Petitioner verified he was married with two children, has been gainfully employed as a union worker for ten years, and had no arrests since the one in April 2001 that led to the 2002 conviction. In a supplemental unsworn letter, he explained he was deeply involved in his children's lives, and sought expungement to remove an impediment to his serving as a youth football coach for his son, and a softball coach for his daughter. The State opposed the petition, and the trial court denied it.

The court relied on its interpretation of *N.J.S.A.* 2C:52–4.1(a), which states in an unnumbered paragraph, "For purposes of expungement, any act which resulted in a juvenile being adjudged a delinquent shall be classified as if that act had been committed by an adult." Based on petitioner's adjudications of delinquency, the court deemed him to have been convicted of adult crimes of burglary, criminal mischief, and firearms possession. The court then concluded petitioner's adult conviction could not be expunged pursuant to *N.J.S.A.* 2C:52–2, which prohibits expungement of a criminal conviction if the petitioner has "been convicted of any prior or subsequent crime."

The court also denied expungement of the juvenile adjudications based on *N.J.S.A.* 2C:52–4.1(a)(1), which states that *N.J.S.A.* 2C:52–2 shall govern petitions to expunge a juvenile adjudication of an act that would constitute a crime if committed by an adult. Applying *N.J.S.A.* 2C:52–2, the court concluded that expungement of the juvenile adjudications was not permitted for the same

reason expungement of the adult conviction was not permitted—petitioner was deemed convicted of a prior or subsequent crime.

## II.

We conclude the trial court misconstrued the 1980 statute. Although we agree petitioner's juvenile adjudications were not subject to expungement under *N.J.S.A.* 2C:52–4.1(a), *N.J.S.A.* 2C:52–4.1(b) provided an alternative basis for expunging petitioner's entire record of multiple juvenile adjudications. Also, in denying expungement of the adult conviction, the court mistakenly applied the quoted sentence, "For purposes of expungement, any act which resulted in a juvenile being adjudged a delinquent shall be classified as if that act had been committed by an adult." In view of the legislative history and canons of statutory construction, we conclude the sentence was intended solely to apply to petitions to expunge juvenile adjudications. Nonetheless, the court correctly denied expungement of the adult conviction because the petition was premature.

### A.

The 1980 statute must be interpreted in light of the problem it was designed to solve, which was the prior law's omission of an avenue for expunging juvenile adjudications. *See* Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 22.29 (7th ed.2009) (amended statute should be interpreted in light of court decisions that may have prompted the amendment).

We begin with the Legislature's adoption in 1979 of Chapter 52 of the Criminal Code, the comprehensive expungement statute. *L.* 1979, *c.* 178, codified at *N.J.S.A.* 2C:52–1 to –32 (the 1979 Act). The 1979 Act authorized expungement of criminal convictions after ten years, provided a petitioner had not been convicted of a prior or subsequent crime, and had not been convicted of two or more disorderly persons or petty disorderly persons offenses. *N.J.S.A.* 2C:52–2. Expungement of a disorderly, or petty disorderly per-

sons offense was permitted after five years, provided the petitioner had not been convicted of a prior or subsequent crime, or another two disorderly, or petty disorderly persons offenses. *L.* 1979, *c.* 178, § 110.[2] As we later held, upon meeting these statutory requirements, a petitioner became "presumptively entitled" to expungement. *In re J.N.G.*, 244 *N.J.Super.* 605, 610, 583 *A.*2d 364 (App.Div.1990). However, the court may deny expungement if the State proves "[t]he need for the availability of records" outweighs the "desirability of having a person freed from any disabilities" arising from the conviction record. *N.J.S.A.* 2C:52–14(b).

The 1979 Act did not provide for expungement of juvenile adjudications, as the court found in *In re State of N.J. v. W.J.A.*, 173 *N.J.Super.* 19, 412 *A.*2d 1355 (Law Div.1980). Since a juvenile adjudication is not a criminal conviction, it was not covered by the provisions allowing expungement of criminal convictions. *Id.* at 25, 412 *A.*2d 1355. The *W.J.A.* court relied on *N.J.S.A.* 2A:4–64, which was repealed by *L.* 1982, *c.* 77, § 33, re-enacted by *L.* 1982, *c.* 77, § 29, and codified at *N.J.S.A.* 2A:4A–48: "No disposition under this act shall operate to impose any of the civil disabilities ordinarily imposed by virtue of a criminal conviction, nor shall a juvenile be deemed a criminal by reason of such disposition." *W.J.A.*, *supra*, 173 *N.J.Super.* at 23–24, 412 *A.*2d 1355. *See also State v. Cummings*, 321 *N.J.Super.* 154, 170, 728 *A.*2d 307 (App. Div.) ("juvenile adjudication does not constitute conviction of a crime and may not be used for impeachment purposes"), *certif. denied*, 162 *N.J.* 199, 743 *A.*2d 852 (1999); *State in Interest of K.P.*, 167 *N.J.Super.* 290, 294, 400 *A.*2d 840 (App.Div.1979) (juvenile adjudications are not crimes); *N.J.S.A.* 2A:4A–23 (defining "delinquency" to mean "the commission of an act by a juvenile which if committed by an adult would constitute: a. A crime; b. A disorderly persons offense or petty disorderly persons offense; or c. A violation of any other penal statute, ordinance or regulation.").

---

2 *L.* 1981, *c.* 290, § 43 increased the number of additional offenses to three.

W.J.A. was a thirty-five-year-old man who sought expungement of juvenile adjudications on charges of aggravated assault and battery, assault and battery and carnal abuse. He also sought expungement of an eighteen-year-old adult conviction for the disorderly persons offense of assault and battery, and an arrest four years later that did not result in a conviction. *W.J.A., supra,* 173 *N.J.Super.* at 21, 412 *A.*2d 1355. The court ordered the adult conviction expunged pursuant to *N.J.S.A.* 2C:52–3, and the arrest expunged pursuant to *N.J.S.A.* 2C:52–6. *W.J.A., supra,* 173 *N.J.Super.* at 25, 412 *A.*2d 1355. Although the law barred expungement of a disorderly persons conviction if the petitioner was "convicted of any prior or subsequent crime," *N.J.S.A.* 2C:52–3, the court obviously did not deem W.J.A.'s prior juvenile adjudications the equivalent of criminal convictions.

On the other hand, the court held W.J.A. was not entitled to expungement of his juvenile adjudications. *W.J.A., supra,* 173 *N.J.Super.* at 25, 412 *A.*2d 1355. Simply put, the statute addressed criminal convictions and other adult dispositions. The court also noted that even if juvenile adjudications were deemed the equivalent of adult convictions, W.J.A. would have been precluded because of his multiple adjudications.

> Petitioner thus faces two statutory impediments. First, an adjudication of juvenile delinquency for the reasons stated above. is not considered a "crime." *N.J.S.A.* 2A:4–64. Second, even if a juvenile adjudication could be considered a crime for expungement purposes, petitioner would be precluded from obtaining expungement of any one of the three adjudications because the other two would be considered "prior or subsequent crimes." *N.J.S.A.* 2C:52–2.
>
> [*Ibid.*]

The court recognized that the result contravened "the rehabilitative purposes of our juvenile delinquency laws." *Id.* at 23, 412 *A.*2d 1355 (citing *N.J.S.A.* 2A:4–42(b), repealed by *L.* 1982, *c.* 77, § 33, re-enacted by *L.* 1982, *c.* 77, § 2, codified at *N.J.S.A.* 2A:4A–21(b)). Nonetheless, the court held that W.J.A.'s only relief with respect to his juvenile adjudications lay in a sealing order under *N.J.S.A.* 2A:4–67 (repealed by *L.* 1982, *c.* 77, § 33, re-enacted by *L.* 1982, *c.* 79, § 3, codified at *N.J.S.A.* 2A:4A–62). *W.J.A., supra,* 173 *N.J.Super.* at 25, 412 *A.*2d 1355.

In order to obtain a sealing order, the applicant must satisfy two requirements. First, "two years must have elapsed since the final discharge ... from legal custody or supervision" or since entry of an "order not involving custody or supervision;" and second, the person must "not [have] been convicted of a crime, or a disorderly person's offense, or adjudged delinquent or in need of supervision" for two years preceding the sealing motion and no such proceeding or complaint is pending. *Id.* at 22, 412 *A.*2d 1355 (quoting *N.J.S.A.* 2A:4-67). The court recognized that a sealing order was less effective than an expungement order in shielding the former delinquent from the stigmatizing consequences of his record. *W.J.A., supra,* 173 *N.J.Super.* at 24, 412 *A.*2d 1355. *See also* 33A *New Jersey Practice, Criminal Law* § 44.10 at 489 (Gerald D. Miller) (3d ed. 2001) ("The remedy of sealing of records is less effective than expungement in removing the traces of an individual's contacts with the criminal justice system.").

In apparent response to *W.J.A., supra,* the Legislature promptly enacted *L.* 1980, *c.* 163. The 1980 law provided two avenues for expunging delinquency adjudications. First, expungement could be obtained by treating the delinquency adjudications as if they were adult convictions and subjecting the petition to the same provisions that governed expungement of adult convictions.

1.a. Any person adjudged a juvenile delinquent may have such adjudication expunged as follows:

(1) Pursuant to N.J.S. 2C:52-2, if the act committed by the juvenile would have constituted a crime if committed by an adult;

(2) Pursuant to N.J.S. 2C:52-3, if the act committed by the juvenile would have constituted a disorderly or petty disorderly persons offense if committed by an adult; or

(3) Pursuant to N.J.S. 2C:52-4, if the act committed by the juvenile would have constituted an ordinance violation if committed by an adult.

For purposes of expungement, any act which resulted in a juvenile being adjudged a delinquent shall be classified as if that act had been committed by an adult.

[*L.* 1980, *c.* 163, § 1(a), codified at *N.J.S.A.* 2C:52-4.1(a).]

Second, mirroring the statute governing sealing, but extending the relevant waiting periods, the statute permitted a petitioner to expunge his or her entire juvenile record, if the petitioner met a

five-part test, including that five years had elapsed since discharge from custody or supervision and the petitioner had not committed a crime or offense or been adjudged a delinquent or in need of supervision for five years.

b. Additionally, any person who has been adjudged a juvenile delinquent may have his entire record of delinquency adjudications expunged if:

(1) Five years have elapsed since the final discharge of the person from legal custody or supervision or 5 years have elapsed after the entry of any other court order not involving custody or supervision;

(2) He has not been convicted of a crime, or a disorderly or petty disorderly persons offense, or adjudged a delinquent, or in need of supervision, during the 5 years prior to the filing the petition, and no proceeding or complaint is pending seeking such a conviction or adjudication;

(3) He was never adjudged a juvenile delinquent on the basis of an act which if committed by an adult would constitute a crime not subject to expungement under N.J.S. 2C:52–2;

(4) He has never had an adult conviction expunged; and

(5) He has never had adult criminal charges dismissed following completion of a supervisory treatment or other diversion program.

c. Any person who has been charged with an act of delinquency and against whom proceedings were dismissed may have the filing of those charges dismissed pursuant to the provisions of N.J.S. 2C:52–6.

[*L.* 1980, *c.* 163, § 1(b), codified at *N.J.S.A.* 2C:52–4.1.]

The purpose of the legislation was clear—to create a means to expunge adjudications of delinquency.

Under the present law, expungement is now authorized for records of convictions of certain crimes; convictions of disorderly persons offenses and petty disorderly persons offenses; violations of municipal ordinances and arrests not resulting in convictions. There is, however, no procedure authorizing the expungement of juvenile delinquency adjudications. Juvenile records may be "sealed" but they may not be expunged.

The purpose of this bill is to allow for the expungement of juvenile delinquency adjudications. It provides that such records may be expunged under the same conditions as if the act which resulted in the adjudication of delinquency had been committed by an adult.

Additionally, the bill provides that a person may have his entire juvenile record expunged if he has not been convicted of a crime or a disorderly or petty disorderly persons offense or adjudged a delinquent for a period of 5 years and his record contains no offense which could not be expunged if committed by an adult.

[*Senate Judiciary Committee, Statement to S.1266* (June 9, 1980).]

There is no evidence that the Legislature, at the same time it allowed expungement of juvenile adjudications, sought to make expungement of adult convictions more difficult.

A key issue before us is the meaning of the unnumbered paragraph of *N.J.S.A.* 2C:52–4.1(a) stating, "For purposes of expungement, any act which resulted in a juvenile being adjudged a delinquent shall be classified as if that act had been committed by an adult." The meaning of the unnumbered paragraph is, concededly, unclear on its face. *Cf. Hubbard v. Reed,* 168 *N.J.* 387, 392, 774 *A.2d* 495 (2001) (stating that when a statute is clear on its face, the court's sole function is to enforce the language as written).

A literal reading would apply the provision generally, to petitions to expunge adult conviction records as well as petitions to expunge juvenile adjudications. According to a literal reading, in examining a petition to expunge an adult conviction, the court would convert all prior juvenile adjudications into the parallel adult crime, disorderly persons or petty disorderly persons offense, or ordinance violation. As a result, a prior juvenile adjudication for an act that would be an adult crime would preclude an otherwise eligible adult from obtaining expungement of an adult conviction. *See N.J.S.A.* 2C:52–2.

On the other hand, the provision may be construed to apply only to petitions to expunge juvenile adjudications as provided in *N.J.S.A.* 2C:52–4.1(a). Subsection (a) subjects such petitions to the same tests governing petitions to expunge adult records under *N.J.S.A.* 2C:52–2 (crimes), *N.J.S.A.* 2C:52–3 (disorderly and petty disorderly persons offenses), and *N.J.S.A.* 2C:52–4 (ordinance violations). The juvenile adjudication that the petitioner seeks to expunge is treated as if committed by an adult. *See, e.g., N.J.S.A.* 2C:52–4.1(a)(1) (authorizing expungement of juvenile adjudication "[p]ursuant to *N.J.S.A.* 2C:52–2, if *the act* committed by the juvenile would have constituted a crime if committed by an adult") (emphasis added). The unnumbered paragraph then prescribes how to treat any other juvenile adjudications: "For purposes of

expungement, any act which resulted in a juvenile being adjudged a delinquent shall be classified as if that act had been committed by an adult." Thus, for example, if the petitioner sought to expunge a delinquency adjudication of an act that would have been an adult crime, and if the petitioner had also been adjudicated delinquent for a prior act that would have been an adult disorderly persons offense, then expungement under *N.J.S.A.* 2C:52-2, as applied by *N.J.S.A.* 2C:52-4.1(a)(1) would be granted. If the prior act would have been an adult crime, then expungement under *N.J.S.A.* 2C:52-2, as applied by *N.J.S.A.* 2C:52-4.1(a)(1) would not be granted.

■ Confining application of the unnumbered provision solely to expungement petitions under *N.J.S.A.* 2C:52-4.1(a) would be consistent with the *ejusdem generis* canon of statutory construction. That rule requires an apparently general provision that follows specific provisions, to be construed to pertain only to the subjects of the specific provisions. *See, e.g., State v. Hoffman,* 149 *N.J.* 564, 584, 695 *A.*2d 236 (1997). Although phrased in general terms—"[f]or purposes of expungement"—the unnumbered provision would, under the rule of statutory construction, apply only to the specific provisions that precede it.

The unnumbered provision in subsection (a) evidently does not apply to subsection (b) of *N.J.S.A.* 2C:52-4.1, providing for expungement of an entire juvenile record. If the unnumbered provision does not apply to subsection (b), then it implicitly does not apply to a petition to expunge an adult conviction.

■ For example, to meet the second of the five preconditions for expungement under subjection (b), a petitioner must not have been "convicted of a crime, or a disorderly or petty disorderly persons offense, or *adjudged a delinquent* or in need of supervision" for five years. *N.J.S.A.* 2C:52-4.1(b)(2) (emphasis added). However, if the unnumbered provision applied, then an act resulting in a juvenile adjudication would already be classified "as if . . . committed by an adult," and there would be no need to include the language "adjudged a delinquent" in *N.J.S.A.* 2C:52-4.1(b)(2). We

disfavor statutory interpretations that render language surplusage. *See In re Commitment of J.M.B.*, 197 *N.J.* 563, 573, 964 *A.2d* 752 (Interpretations that render the Legislatures words mere surplusage are disfavored.), *cert. denied,* —— *U.S.* ——, 130 *S.Ct.* 509, 175 *L.Ed.*2d 361 (2009).

There also would be no need to phrase the third of the five requirements in terms of being "adjudged a juvenile delinquent on the basis of an act which if committed by an adult would constitute a crime not subject to expungement under *N.J.S.A.* 2C:52–2." *N.J.S.A.* 2C:52–4.1(b)(3). The unnumbered provision would have classified the act as if committed by an adult.

■■■■ In construing the statutory language, "our 'overriding goal must be to determine the Legislature's intent.'" *Hubbard, supra,* 168 *N.J.* at 392, 774 *A.2d* 495 (quoting *State, Dep't of Law & Pub. Safety v. Gonzalez,* 142 *N.J.* 618, 627, 667 *A.2d* 684 (1995)). "[W]hen a literal interpretation of individual statutory terms or provisions would lead to results inconsistent with the overall purpose of the statute, that interpretation should be rejected." *Id.* at 392–93, 774 *A.2d* 495 (internal quotations and citations omitted). *See also State v. Gill,* 47 *N.J.* 441, 444, 221 *A.2d* 521 (1966) ("[W]hatever be the rule of construction, it is subordinate to the goal of effectuating the legislative plan as it may be gathered from the enactment 'when read in full light of its history, purpose and context.'") (quoting *Lloyd v. Vermeulen,* 22 *N.J.* 200, 204, 125 *A.2d* 393 (1956)).

■■■■ The overarching goal of the 1980 amendments was to expand the expungement remedy for juvenile adjudications. "There is authority for a presumption that amendatory acts do not change existing law further than is expressly declared or necessarily implied." *Sutherland Statutory Construction, supra,* § 22.30. In this case, there was no declared or implied purpose to burden petitions to expunge adult records. Therefore, we conclude the unnumbered paragraph should be construed to apply only to expungements of juvenile adjudications authorized by *N.J.S.A.* 2C:52–4.1(a).

### B.

Applying this construction of the statute, the trial court erred in denying expungement of petitioner's juvenile adjudications. We recognize that under *N.J.S.A.* 2C:52–4.1(a), the first possible avenue for expungement, petitioner cannot succeed. Treating his three juvenile adjudications as adult crimes, he is barred from obtaining expungement because he has a prior or subsequent crime. *N.J.S.A.* 2C:52–2.

■ However, expungement is available under the second avenue for relief, provided by *N.J.S.A.* 2C:52–4.1(b), as petitioner meets each of the five pre-conditions. Petitioner was discharged from custody or supervision more than five years ago. *N.J.S.A.* 2C:52–4.1(b)(1). He had not been convicted of a crime or offense, or adjudicated delinquent or in need of supervision in the five years preceding his petition. *N.J.S.A.* 2C:52–4.1(b)(2). He was not adjudicated delinquent for acts that would constitute one of the crimes excluded from expungement. *N.J.S.A.* 2C:52–4.1(b)(3). He has not had an adult conviction expunged, notwithstanding that he had requested such an expungement. *N.J.S.A.* 2C:52–4.1(b)(4). Lastly, he never had an adult criminal charge dismissed following diversion or supervision. *N.J.S.A.* 2C:52–4.1(b)(5).

■ Turning to petitioner's request to expunge his adult conviction, we conclude the trial court erred in deeming defendant's delinquency adjudications the equivalent of disqualifying adult convictions. As we have discussed above, the unnumbered paragraph in *N.J.S.A.* 2C:52–4.1(a) applies only to petitions to expunge juvenile adjudications pursuant to that subsection.

■ Nonetheless, petitioner was ineligible for expungement of his adult conviction because ten years had not elapsed since his release from probation, and the record did not support resort to the "early pathway" to expungement after as few as five years under *N.J.S.A.* 2C:52–2(a)(2). *See In re LoBasso*, 423 *N.J.Super.* 475, 481, 33 *A.*3d 540 (App.Div.2012). Petitioner failed to present compelling circumstances to demonstrate that expunging his adult

conviction after less than ten years would be in the public interest. *N.J.S.A.* 2C:52–2(a)(2).

In support of his petition, he asserted he has been gainfully employed, he is married, he is involved in his family, and he wants to coach youth sports. He did not address his "character and conduct since conviction." *N.J.S.A.* 2C:52–2(a)(2). Nor did he provide the court with any information to enable it to consider the nature of his offense, or the surrounding circumstances. *Ibid. See In re Lobasso, supra,* 423 *N.J.Super.* at 494–95, 33 *A.*3d 540 (discussing analysis of nature and circumstances of offense). Based on the record before us, we find no abuse of discretion in denying expungement of petitioner's adult conviction. *See State v. DeLuca,* 325 *N.J.Super.* 376, 389, 739 *A.*2d 455 (App.Div.1999) (appellate court may affirm trial court order on basis other than one upon which trial court relied), *aff'd as modified,* 168 *N.J.* 626, 634, 775 *A.*2d 1284 (2001).

Reversed in part and affirmed in part.